1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

11   APRIL CLARK,                        Case No. EDCV 18-204 JC
12                   Plaintiff,
                                         MEMORANDUM OPINION AND
13        v.                             ORDER OF REMAND
14
     NANCY A. BERRYHILL, Acting
15   Commissioner of Social Security
     Administration,
16
                     Defendant.
17

18   **I.    SUMMARY**

19        On January 29, 2018, plaintiff April Clark filed a Complaint seeking review

20   of the Commissioner of Social Security's denial of plaintiff's application for

21   benefits.  The parties have consented to proceed before the undersigned United

22   States Magistrate Judge.

23        This matter is before the Court on the parties' cross motions for summary

24   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion")

25   (collectively "Motions").  The Court has taken the Motions under submission

26   without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; January 31, 2018 Case

27   Management Order ¶ 5.

28

                                         1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On April 7, 2014, plaintiff filed an application for Supplemental Security Income alleging disability due to bipolar disorder, depression, anxiety, and stress, with an amended onset date of April 7, 2014. (Administrative Record ("AR") 10, 30, 171, 191). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 25-48).

On December 6, 2016, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 10-19). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: bipolar disorder, affective/mood disorder, anxiety-related disorder, borderline intellectual functioning, diabetes mellitus II, morbid obesity, and asthma (AR 12); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 13-14); (3) plaintiff essentially retained the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)) with additional limitations[1] (AR 14-15); (4) plaintiff could not perform any past relevant work (AR 17-18); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 18-

---

[1]The ALJ determined that plaintiff (i) could lift and/or carry 20 pounds occasionally, 10 pounds frequently; (ii) could stand and/or walk for two hours in an eight-hour workday, and sit six hours in an eight-hour workday; (iii) could not climb ladders, ropes, or scaffolds; (iv) could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; (v) needed to avoid concentrated exposure to chemicals and pulmonary irritants such as smoke, dust, fumes, odors, gases and poorly ventilated areas; and (vi) was limited to simple tasks typical of unskilled occupations with no production rate pace work, with only occasional interaction with coworkers and no interaction with the public. (AR 14-15).

19); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 17).

On December 14, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted); 20 C.F.R. § 416.905. To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – i.e., determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past

relevant work (step 4).  <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. <u>Id.</u>

**B.     Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record."  42 U.S.C. § 405(g); <u>Trevizo v. Berryhill</u>, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted).  The standard of review in disability cases is "highly deferential."  <u>Rounds v. Commissioner of Social Security Administration</u>, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted).  Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision.  <u>Trevizo</u>, 871 F.3d at 674-75 (citations omitted).  Even when an ALJ's decision contains error, it must be affirmed if the error was harmless.  <u>Treichler v. Commissioner of Social Security Administration</u>, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Trevizo</u>, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted).  When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]"  <u>Garrison v. Colvin</u>, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).
///

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## IV.   DISCUSSION

In a letter dated November 2, 2016, plaintiff's treating psychiatrist, Dr. Carlos Pequeno (i) described plaintiff as "a severely mentally ill person" who had been provided psychiatric care at the San Bernardino County Behavioral Health Clinic since February 3, 2006; (ii) diagnosed plaintiff with "a chronic and severe Mood-Psychotic disorder"; (iii) noted that plaintiff had been taking "psychotropic medications" (with "good compliance") "for treatment of intermittent manic and depressive episodes, auditory hallucinations, mental confusion and psychosis[,]" but was "still having auditory hallucinations, depression and some psychotic symptoms[]"; (iv) found that plaintiff had "severe impairment to relate to others and severe constriction of interests[]"; and (v) opined plaintiff "is currently disable[d] and is expected to be disabled for the next 12 months[]" (collectively "Dr. Pequeno's Opinions").  (AR 441).

///

///

///

Plaintiff contends that the ALJ improperly rejected Dr. Pequeno's Opinions. (Plaintiff's Motion at 2-5). The Court agrees that the ALJ erred in considering Dr. Pequeno's Opinions. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

## A. Pertinent Law

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians." 20 C.F.R. §§ 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 416.927(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). An ALJ may provide "substantial evidence" for rejecting such a medical

6

opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted). Nonetheless, an ALJ must provide more than mere "conclusions" or "broad and vague" reasons for rejecting a treating physician's opinion. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted). "[The ALJ] must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

**B.     Analysis**

Here, as defendant suggests, the ALJ was entitled to give no weight at all to Dr. Pequeno's non-medical, conclusory statement that plaintiff was "disabled." (AR 16; AR 441); see McLeod v. Astrue, 640 F.3d 881, 884-85 (9th Cir. 2011); 20 C.F.R. § 416.927(d)(1). Nonetheless, the ALJ's decision did not mention multiple other significant medical findings set forth in Dr. Pequeno's Opinions (*i.e.*, that plaintiff continued to have "auditory hallucinations, depression and some psychotic symptoms" despite taking "psychotropic medications" as prescribed, and plaintiff had "severe impairment to relate to others and severe constriction of interests[]"). (AR 16, 441). The ALJ also did not expressly reject any functional limitation(s) reflected in such additional findings and it does not appear that the ALJ's residual functional capacity assessment for plaintiff necessarily included any such limitation(s). (AR 14-16). The ALJ's apparent failure to account for this significant and probative medical opinion evidence was legal error. See Marsh, 792 F.3d at 1172-73 (error for ALJ to ignore treating doctor's notes) (citation omitted); Garrison, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his

7

conclusion.") (citation omitted); <u>see generally</u> <u>Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation when he rejects "significant probative evidence.") (citation omitted).

Defendant suggests that the ALJ could have rejected Dr. Pequeno's Opinions on other grounds. (Defendant's Motion at 4-5). Since the ALJ did not do so in his decision, however, this Court may not affirm the ALJ's non-disability determination on the additional grounds the defendant proffers. <u>See</u> <u>Trevizo</u>, 871 F.3d at 675 (citations omitted).

Finally, the Court cannot confidently conclude that the ALJ's error was harmless. For example, at the administrative hearing, the vocational expert testified that plaintiff (or a hypothetical person with plaintiff's characteristics) could not "sustain any employment" if "[such] person was off task two hours a day" due to "mental health symptoms" reflected in Dr. Pequeno's Opinions. (AR 28, 47). Considering the foregoing specifically, and the overall record as a whole, the Court cannot say that the ALJ would necessarily have reached the same result absent the ALJ's error.

Accordingly, a remand is warranted, at least, so that the ALJ can reevaluate the medical opinion evidence.

///
///
///
///
///
///
///
///
///
///

8

## V. CONCLUSION[2]

For the foregoing reasons, the decision of the Commissioner of Social Security is REVERSED in part, and this matter is REMANDED for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 22, 2019.

_____
/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[3]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); Treichler, 775 F.3d at 1099 (noting such "ordinary remand rule" applies in Social Security cases) (citations omitted).